RAÚL R. LABRADOR
Attorney General

SCOTT L. CAMPBELL
Deputy Attorney General
Chief, Energy and Natural Resources Division

JOY M. VEGA, ISB No. 7887
DAVID S. PERKINS, ISB No. 4381
ROWDY J. KELLER, ISB No. 12494
Deputy Attorneys General,
Energy and Natural Resources Division
700 W. State Street, 2nd Floor
P.O. Box 83720
Boise, Idaho 83720-0010
Telephone:  208-334-2400
Facsimile:  208-854-8072
Email:   joy.vega@ag.idaho.gov
         david.perkins@ag.idaho.gov
         rowdy.keller@ag.idaho.gov

*Attorneys for Plaintiff State of Idaho*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| STATE OF IDAHO,<br><br>         *Plaintiff,*<br><br>v.<br><br>UNITED STATES FOREST SERVICE, an agency within the United States Department of Agriculture,<br><br>         *Defendants.* | Case No. 1:25-CV-415<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF FOR VIOLATION OF THE FREEDOM OF INFORMATION ACT (5 U.S.C. § 552)** |

COMES NOW Plaintiff the State of Idaho, by and through the Office of the Attorney General, its counsel of record, hereby pleads and alleges as follows:

COMPLANT—1

## INTRODUCTION

This is an action, seeking declaratory and injunctive relief to compel the United States Forest Service ("USFS") to comply with its obligations under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

## PARTIES

1. Plaintiff State of Idaho ("Idaho") is a sovereign State of the United States of America and acts pursuant to its State Constitution and laws on behalf of its citizens to promote and protect their freedoms, rights, safety, security, economic well-being, and common welfare.

2. Defendant United States Forest Service ("USFS") is an agency within the United States Department of Agriculture, is subject to FOIA, and possesses and controls the records requested by Idaho.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the State of Idaho's claim for declaratory and injunctive relief pursuant 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

4. Venue is proper in this Court under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C 1391(e)(1)(B).

## FACTUAL ALLEGATIONS

5. On February 5, 2025, Idaho submitted FOIA request #2025-FS-R1-04623-F. The USFS confirmed receipt of the FOIA request the same day.

6. Attached hereto as **Exhibit 1**, and adopted elsewhere by reference in this Complaint, is a true and accurate copy of FOIA request #2025-FS-R1-04623-F.

7. FOIA requires that an agency responds to a FOIA request within twenty business days, unless there are "unusual circumstances." 5 U.S.C. § 552(a)(6)(A)(i). The response must either accept or deny the request. Unusual circumstances toll the 20-day time frame until the issue is resolved.

8. On February 25, 2025, a USFS FOIA coordinator sent an email requesting clarification on the scope of the request.

9. Attached hereto as **Exhibit 2**, and adopted elsewhere by reference in this Complaint, is a true and accurate copy of the email conversation between the FOIA coordinator and representatives for Idaho.

10. On March 5, 2025, representatives for Idaho called the FOIA coordinator to discuss the scope of FOIA request #2025-FS-R1-04623-F. At the end of the call the parties agreed that responses to subparts 7-9 of the request would be too voluminous for a timely response, but subparts 1-6 could be responded to. The FOIA coordinator thereafter sent links to potentially useful public websites. *See* Exhibit 2 at 3–4.

11. On March 7, 2025, after determining that the website links were not fully responsive to FOIA request #2025-FS-R1-04623-F, representatives for Idaho emailed the FOIA coordinator requesting that he process the FOIA request for subparts 1-6. *Id.* at 2.

12. The FOIA coordinator declined to process the request. *Id.*

13. Representatives for Idaho emailed the FOIA coordinator on March 24, again requesting that the FOIA coordinator process the FOIA request. No response from the FOIA coordinator has been received.

14. On April 14, 2025, twenty-six business days after the March 5 clarification, Idaho filed an appeal for FOIA request #2025-FS-R1-04623-F based on the USFS's constructive denial of the request.

15. Attached hereto as **Exhibit 3**, and adopted elsewhere by reference in this Complaint, is a true and accurate copy of the appeals letter sent by Idaho.

16. Idaho received an email on April 16, 2025, stating that the FOIA Service Center received the FOIA appeal and assigned FOIA appeal #2025-FS-WO-00055-A for processing.

17. Attached hereto as **Exhibit 4**, and adopted elsewhere by reference in this Complaint, is a true and accurate copy of email acknowledging receipt of the FOIA appeal.

18. A FOIA Appeals Officer must respond to the appeal within twenty business days of receiving the appeal. 5 U.S.C. § 552(a)(6)(A)(ii). The deadline to respond to FOIA appeal #2025-FS-WO-00055-A was May 14, 2025.

19. On May 15, 2025, the day after the twenty-business day deadline, representatives for Idaho emailed the responsible FOIA Appeals Officer to request an update on the status of FOIA appeal #2025-FS-WO-00055-A.

20. The FOIA Officer responded the same day that response to FOIA appeal #2025-FS-WO-00055-A would be delayed due to a backlog of FOIA appeals dating back to the year 2020.

21. Attached hereto as **Exhibit 5**, and adopted elsewhere by reference in this Complaint, is a true and accurate copy of the email response from the FOIA Appeals Officer.

## CAUSE OF ACTION

### Violation of the Freedom of Information Act

### 5 U.S.C. § 552

22. The State of Idaho restates and realleges all other facts and allegations in this Complaint as if fully set forth herein.

23. The Freedom of Information Act requires that the USFS, as a federal agency, "upon a request for records . . . shall make such records promptly available to the requester." 5 U.S.C. § 552(a)(3)(A).

24. FOIA requires that the USFS respond to the request within twenty business days of receiving the request.

25. The FOIA coordinator communicated the need for clarification, which tolled the twenty-business day deadline.

26. The parties agreed on March 5, 2025 that subparts 1-6 could be timely responded to. However, the FOIA coordinator thereafter failed to process the request even after the parties clarified FOIA request #2025-FS-R1-04623-F.

27. After fifteen business days passed without a response from the FOIA coordinator, Idaho filed an appeal for the constructive denial of FOIA request #2025-FS-R1-04623-F.

28. The USFS had twenty-business days to respond to FOIA appeal #2025-FS-WO-00055-A. 5 U.S.C. § 552(a)(6)(A)(ii). Twenty-business days expired without a response from the USFS.

29. Following an Idaho representative's inquiry to the Appeals Officer, and after the time to respond to the appeal had expired, the FOIA Appeals Officer informed Idaho that the appeal would be delayed due to a backlog of FOIA appeals dating back to the year 2020. The Appeals Officer did not provide any timeframe concerning when the requested information would be provided.

30. Idaho "shall be deemed to have exhausted [its] administrative remedies" because the USFS failed to respond within the statutory time limit. 5 U.S.C. § 552(a)(6)(C)(i).

31. No statutory exemptions are applicable in this matter. FOIA does not recognize delay from a predictable agency workload as an exceptional circumstance, unless the agency is able to demonstrate reasonable progress in reducing the backlog. 5 U.S.C. § 552(a)(6)(C)(i).

32. The USFS denied the State of Idaho's right to information under FOIA by failing to provide Idaho with all records responsive to FOIA request #2025-FS-R1-04623-F.

33.  The USFS has unlawfully withheld and unreasonably delayed its agency action by failing to comply with the mandates of FOIA regarding FOIA request #2025-FS-R1-04623-F.

34.  Idaho is entitled to *de novo* review of the USFS's actions concerning FOIA request #2025-FS-R1-04623-F. *See* 5 U.S.C. § 552(a)(4)(B).

35.  Pursuant to 28 U.S.C. § 2201, Idaho is entitled to a declaratory judgement that the USFS violated FOIA by failing to timely respond to Idaho's FOIA request #2025-FS-R1-04623-F.

36.  Idaho is entitled to an injunction compelling the USFS to provide Idaho with all records responsive to FOIA request #2025-FS-R1-04623-F.

37.  Idaho has incurred attorney fees and litigation costs in this matter.

38.  Pursuant to 5 U.S.C. § 552(a)(4)(E), Idaho is entitled to its reasonable litigation costs, including attorney fees.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff State of Idaho prays that this Court enter judgment in its favor and against Defendant United States Forest Service, as follows:

1.  For an Order declaring that Defendant failed to respond to FOIA request #2025-FS-R1-04623-F within the time allowed under statute;

2.  For an Order obligating Defendant to immediately conduct an adequate search, reasonably calculated to reach any and all records responsive to FOIA request #2025-FS-R1-04623-F.

3. For an Order directing Defendant to immediately release to Plaintiff all records Defendant discovers as a result of the Court's order obligating Defendant to conduct an adequate search, reasonably calculated to gather all responsive records;

4. For an Order retaining jurisdiction over this action until Defendant complies with the requirements of FOIA and every order of this Court pursuant to 5 U.S.C. § 552(a)(6)(C)(i);

5. For an Order awarding the Plaintiff its reasonable attorney fees and costs incurred in pursuing this action pursuant to 5 U.S.C. § 552(a)(4)(E)(i); and as otherwise allowed by law, or $5,000 should this matter proceed by default against Defendant; and

6. For an Order granting any and all additional relief as the Court deems just and proper to remedy Defendant's violations of law and to protect the interests of the State of Idaho.

DATED this 28th day of July, 2025

STATE OF IDAHO
OFFICE OF THE ATTORNEY GENERAL

_____
Scott L. Campbell
Deputy Attorney General
Chief, Energy and Natural Resources Division

COMPLANT—8